## PEOPLE v. HOLT

CRIMINAL LAW—DRIVING WHILE INTOXICATED—PLEA OF GUILTY—
CONSEQUENCES OF PLEA—STATUTE.

> Circuit judges are not magistrates, and therefore the statute
> which makes it the duty of a "magistrate" to advise a person
> accused of driving while intoxicated of the consequences of a
> plea of guilty in respect to suspension of his operator's or
> chauffeur's license, financial responsibility, the penalty imposed
> for violation of the statute, and the limitation on the right to
> appeal does not apply to circuit judges in cases charging de-
> fendant with a second offense of driving while intoxicated, a
> circuit court misdemeanor; the circuit judge need only deter-
> mine that the plea was freely and understandingly made with
> a full knowledge of the accusation and without undue influence
> (CLS 1961, § 257.625[d]; CL 1948, § 768.35).

Appeal from Kalamazoo, Lucien F. Sweet, J.
Submitted Division 3 February 11, 1969, at Grand
Rapids.   (Docket No. 3,297.)   Decided April 22,
1969.

Dwayne Keith Holt was convicted, on his plea of
guilty, of driving while under the influence of intoxi-
cants, second offense.   Defendant's motion to with-
draw his plea and for a new trial denied.   Defendant
appeals.   Affirmed.

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 487.
Court's duty to advise or admonish accused as to consequences of
   plea of guilty, or to determine that he is advised thereof.   97
   ALR2d 549.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Michael P. Reisterer,* Assistant Prosecuting Attorney, for the people.

*Michael Sullivan,* for defendant.

BEFORE: Levin, P. J., and Holbrook and Danhof, JJ.

Per Curiam: Defendant has appealed from an order denying his motion to withdraw a guilty plea and for a new trial. Defendant in this case first appeared before a magistrate, entered a plea of not guilty and demanded examination. The examination was conducted and he was bound over to circuit court. At the arraignment on the information in the circuit court he entered a plea of not guilty, but later again appeared in circuit court, with his attorney, and entered a plea of guilty to a violation of driving while under the influence of intoxicating liquor, second offense, a violation of MCLA § 257.625 (Stat Ann 1960 Rev § 9.2325) a circuit-court misdemeanor. Defendant claims that his plea of guilty should be set aside because the circuit judge did not comply with the requirements of MCLA § 257.625 (d).

"It shall be the duty of the magistrate before accepting a plea of guilty under this section to advise the accused of the statutory consequences possible as the result of a plea of guilty in respect to suspension of his operator's or chauffeur's license, financial responsibility, the penalty imposed for violation of this section, and the limitation on his right of appeal."

The defendant is in error as this section applies only to those appearing before a "magistrate" and

not those brought before a circuit judge. A circuit judge is not a "magistrate" under the provisions of this section. See MCLA § 761.1 and Black's Law Dictionary (4th Ed), where "magistrate" is defined:

"One of the class of inferior judicial offices, such as justices of the peace and police justices."

The only substantial question involved in this case is whether the plea of guilty was freely and understandingly made with a full knowledge of the accusation and without undue influence as required by CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058). A reading of the record clearly indicates that the trial judge complied with the provisions of this section. There was no abuse of discretion nor was there any substantial defect in the acceptance of the defendant's plea. In view of this compliance all other allegations made by the appellant are without merit.

Affirmed.