PEOPLE *v.* BARRY

CRIMINAL LAW—TRAFFIC VIOLATION—PLEA OF GUILTY—ACCEPTANCE
—SIMPLE MISDEMEANORS.

>   The obligation of a trial judge to conduct an investigation to
>   determine if the defendant's plea of guilty was made freely
>   and with full knowledge of the nature of the accusation, and
>   without undue influence applies in felony cases and circuit
>   court misdemeanors but does not extend to simple misdemeanors
>   (MCLA § 768.35; GCR 1963, 785.3).

Appeal from Recorder's Court of Detroit, Traffic
and Ordinance Division, Andrew C. Wood, J. Sub-
mitted Division 2 March 3, 1970, at Lansing. (Dock-
et No. 7,646.) Decided March 31, 1970.

Steve C. Barry was convicted, on his plea of
guilty, of using and displaying an operator's license
issued to another. Defendant appeals. People's
motion to affirm granted.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Arthur N. Bishop,*
Assistant Prosecuting Attorney, for the people.

*Tauber & Garon,* for defendant.

---

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 487.

Before: Bronson, P. J., and Quinn and Danhof, JJ.

Per Curiam. Defendant, represented by counsel, pled guilty to the offense of using and displaying an operator's license issued to another. (MCLA § 257.324 [Stat Ann 1968 Rev § 9.2024]). The trial judge accepted defendant's plea of guilty to this simple misdemeanor and sentenced defendant to 30 days in the Detroit House of Correction and $150 costs or an additional 15 days in the House of Correction. (MCLA § 257.901 [Stat Ann 1968 Rev § 9.2601]).

Following the filing of defendant's appellate brief, the people filed a motion to affirm pursuant to GCR 1963, 817.5(3).

Defendant claims that the trial court was under an obligation to conduct an investigation to determine if defendant's plea was made freely with full knowledge of the nature of the accusation, and without undue influence. Although a trial judge is clearly under an obligation in accepting a guilty plea to comply with the respective court rule (GCR 1963, 785.3) and statutory provision (MCLA § 768-.35 [Stat Ann 1954 Rev § 28.1058]) in felony cases and circuit court misdemeanors, such responsibility does not extend to simple misdemeanors. A review of the record reinforces our belief that defendant's argument lacks merit.

It is therefore the holding of this Court that the question sought to be reviewed, on which decision of this cause depends, is so unsubstantial as to need no argument or formal submission.

Motion to affirm is granted.