PEOPLE v. GERALD JACKSON

PEOPLE v. OSBORNE

1. CRIMINAL LAW — PLEA OF GUILTY — EXAMINATION BY COURT — EXAMINATION BY ATTORNEY — COURT RULE.

Interrogation of the defendant conducted by his attorney in the trial judge's presence to determine whether the defendant's plea of guilty was freely, understandingly, and voluntarily made and the entering into evidence of a written form, prepared by the attorney and his client defendant before their court appearance, from which the interrogation was taken necessitated the reversal of the defendant's plea because a court rule provides that "the court shall examine the accused" (GCR 1963, 785.3[2]).

2. CRIMINAL LAW—PLEA OF GUILTY—EXAMINATION BY COURT—EXAMINATION BY ATTORNEY—COURT RULE.

The examination into the voluntariness of a defendant's plea of guilty must be considered by the court; allowing the examination to be conducted by the guilty-pleading defendant's attorney in the presence of the court does not satisfy the applicable court rule and requires reversal (GCR 1963, 785.3).

3. CRIMINAL LAW—PLEA OF GUILTY—EXAMINATION BY COURT—COURT RULE—PURPOSE.

Requirement that a defendant who offers a plea of guilty must be examined by the court to determine that the plea was freely, understandingly, and voluntarily made is designed to prevent contrived, rehearsed, and hence involuntary or false pleas, because a defendant may agree to go along with his attorney on matters which he might hesitate to affirm in answering to a judge (GCR 1963, 785.3[2]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 21 Am Jur 2d, Criminal Law §§ 486–492.
[2] 21 Am Jur 2d, Criminal Law §§ 486, 488.

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 October 6, 1970, at Lansing. (Docket Nos. 8220, 8920.)   Decided January 26, 1971.

Gerald Jackson was convicted, on his plea of guilty, of larceny in a building. Defendant appeals. Reversed and remanded.

Phillip E. Osborne was convicted, on his plea of guilty, of attempted unarmed robbery. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Douglas Chartrand,* for defendant Jackson on appeal.

*Paul R. Gilleran,* for defendant Osborne on appeal.

Before: Levin, P. J., and T. M. Burns and J. E. Hughes,* JJ.

Per Curiam. Defendant Jackson was originally charged with breaking and entering, to which he stood mute; a second count of larceny in a building was added, to which he pled guilty. Defendant Osborne was originally charged with unarmed robbery, · to which he stood mute; he later pled guilty to attempted unarmed robbery. In neither case did the judge personally interrogate the defendant so as to ascertain whether or not "the plea was freely, understandingly and voluntarily made without undue influence, compulsion or duress and without promise

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of leniency" as required by GCR 1963, 785.3(2). The interrogation in each case in this regard was conducted by the defendant's attorney in the presence of the judge and was essentially a repetition of material from a form that the attorney and his client had completed prior to the court appearance. The form itself was also placed in evidence. It should be noted that in the case of Jackson the judge did interrogate the defendant briefly about the facts of the crime itself, but left all other questioning as to rights, consequences of plea, *etc.* to the defendant's lawyer.

This court rule states that *"the court shall examine the accused"* in regard to the matter set out above. (Emphasis supplied.) The written form and the interrogation by the attorney cannot be substituted for the examination by the judge himself because such a practice leaves itself too easily open to perpetuation of the evil which GCR 1963, 785.3 was designed to prevent—that is, contrived, rehearsed and, hence, involuntary or false pleas, in that a defendant may agree to go along with his attorney on matters which he might hesitate to affirm if answering to a judge.

This examination should and must be conducted by the judge. *People* v. *Barrows* (1959), 358 Mich 267.

Both cases reversed and remanded for new trials.