PEOPLE *v.* BUGAI

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—SIMPLE MISDEMEANOR—EXAMINATION BY COURT.

> The requirement that a judge examine a guilty-pleading defendant to determine the voluntariness of his plea does not apply to a simple misdemeanor, a misdemeanor where the maximum penalty is not more than 90 days imprisonment or a fine not more than $100, or both (MCLA §§ 750.504, 768.35; GCR 1963, 785.3).

DISSENT BY LESINSKI, C.J.

2. CRIMINAL LAW—PLEA OF GUILTY—COURT'S EXAMINATION—MISDEMEANOR PLEA—FELONY CHARGED.

> *The trial court in every prosecution where the defendant has been charged with a felony, must examine the guilty-pleading defendant as to the factual basis of the plea and as to whether the plea has been induced by undue influence, compulsion, duress, or the promise of leniency; the fact that the defendant is pleading guilty to a misdemeanor charge does not alter the court's duty where the defendant was originally charged with a felony (GCR 1963, 785.3)*

3. CRIMINAL LAW—PLEA OF GUILTY—COURT'S EXAMINATION—MISDEMEANOR PLEA—FELONY CHARGED.

> *Failure of the trial court to conduct an examination into the voluntariness of the defendant's plea of guilty of a simple misdemeanor, receiving and concealing stolen property valued at less than $100 constituted reversible error where the defendant had been originally charged with a felony, receiving and concealing stolen property valued at more than $100, because the court's duty to conduct an examination applies in every prosecution where the defendant has been charged with a felony (GCR 1963, 785.3).*

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 485–487, 505.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 486–492.

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted Division 1 April 7, 1971, at Detroit. (Docket No. 8824.) Decided May 18, 1971.

David Bugai was convicted, on his plea of guilty, of receiving and concealing stolen property valued under $100. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Dominick R. Carnovale*, Chief, Appellate Department, and *Arthur N. Bishop*, Assistant Prosecuting Attorney, for the people.

*Donnell P. O'Callaghan*, for defendant on appeal.

Before: LESINSKI, C. J., and BRONSON and DANHOF, JJ.

DANHOF, J. Defendant was convicted, upon his plea of guilty, of the offense of receiving and concealing stolen property valued at less than $100. MCLA § 750.535 (Stat Ann 1971 Cum Supp § 28-.803). Defendant appeals as of right.

Defendant's only claim on appeal is that he pled guilty under the belief that he would not be prosecuted for violation of probation on another charge. The record does not support defendant's argument. The trial court informed defendant that he might, as the result of his plea of guilty to the instant offense, be charged with violation of probation.

The dissenting opinion would vacate the guilty plea because the trial court, in accepting defendant's plea, failed to comply with GCR 1963, 785.3. We disagree for two reasons. First, the defendant

has not raised the issue that the plea was improper under GCR 1963, 785.3. Second, even if the issue had been properly raised, GCR 1963, 785.3 is not applicable in the instant case.

Defendant pled guilty to a misdemeanor under MCLA § 750.535 (Stat Ann 1971 Cum Supp § 28-.803). Since this statute fails to expressly provide the penalty to be imposed, MCLA § 750.504 (Stat Ann 1954 Rev § 28.772) becomes operative. This statute prescribes a penalty of not more than 90 days imprisonment or a fine of not more than $100, or both. The offense, due to the permissible maximum penalty under the statute, is designated a "simple misdemeanor" as opposed to a "circuit court misdemeanor". *People* v. *Mallory* (1967), 378 Mich 538, 557, 558.

In *People* v. *Barry* (1970), 23 Mich App 121, 122, this Court stated:

"Although a trial judge is clearly under an obligation in accepting a guilty plea to comply with the respective court rule (GCR 1963, 785.3) and statutory provision (MCLA § 768.35 [Stat Ann 1954 Rev § 28.1058]) in felony cases and circuit court misdemeanors, such responsibility does not extend to simple misdemeanors."

Arguably, GCR 1963, 785.3 could be extended to include a simple misdemeanor which provides a permissible maximum sentence of three months imprisonment or a $100 fine, or both. See *People* v. *Mallory, supra,* at 559. However, until directed to do otherwise, we are of the opinion that the holding in *People* v. *Barry, supra,* should be followed.

Judgment affirmed.

BRONSON, J., concurred.

Lesinski, C. J. (*dissenting*). Defendant was originally charged with receiving and concealing property valued at more than $100, a felony. MCLA § 750.535 (Stat Ann 1971 Cum Supp § 28.803). He claims he pled guilty to the reduced misdemeanor charge on the mistaken belief that by doing so he would not be charged with a violation of probation on another unrelated conviction. The record does not support defendant's argument; it shows the trial court informed defendant that he might be charged with a violation of probation as a consequence of his plea. On this point I agree with the majority.

Unlike my brethren of the majority, I find on this appeal another issue which must be settled. We must face squarely the issue of whether GCR 1963, 785.3 is applicable to the instant case. The issue is properly before us as defendant's claim of error raises the general issue of the voluntariness of the proffered guilty plea.

The record reveals that the requirements of GCR 1963, 785.3 were not met in the instant case. No inquiry into the facts of the alleged crime was conducted by the court. *People* v. *Barrows* (1959), 358 Mich 267. No attempt was made to determine whether the plea was induced by undue influence, compulsion, duress, or the promise of leniency. The court rule states that *"the court shall examine the accused"* relative to these matters to effect reasonable ascertainment of the truth of the plea. (Emphasis supplied.) More is required than that the defendant agree with his attorney that it is expedient to plead guilty. "The purpose of the direct questioning of the defendant by the trial judge is to establish the crime and the participation therein of the defendant as a precaution against involuntary or induced false pleas of guilty and against subsequent false claims of innocence." *People* v. *Coates*

(1971), 32 Mich App 52.     Absent such examination there is no basis for the determination that the guilty plea was freely, understandingly, and knowingly made, a prerequisite to its acceptance. *People* v. *Gerald Jackson* (1971), 30 Mich App 173.

The fact that the ultimate plea in this case involves a misdemeanor does not alter the obligation of the trial court to conduct such an inquiry, since defendant was originally charged with a felony. GCR 1963, 785.3 applies "in every prosecution wherein the accused is charged with a felony". Compare *People* v. *Barry* (1970), 23 Mich App 121; *People* v. *Holt* (1969), 17 Mich App 27.     Acceptance of the guilty plea without valid determination of its voluntariness mandates reversal.

I would reverse and remand the cause to the trial court for further proceedings.