PEOPLE v TOMLINSON

1. CRIMINAL LAW—NOLO CONTENDERE—CONSTITUTIONAL LAW—SELF-INCRIMINATION—JURY TRIAL—CONFRONTATION—WAIVER.

A defendant's plea of nolo contendere has the same consequences and is substantially equivalent to a plea of guilty; therefore, the same constitutional protections are to be afforded a defendant seeking to enter a plea of nolo contendere as those afforded a defendant seeking to enter a plea of guilty, and where a defendant seeks to enter a plea of nolo contendere to a felony or circuit court misdemeanor he must be advised, on the record, of his Federal constitutional rights of the privilege against self-incrimination, the right to trial by jury, and the right to confront his accusers before his plea may constitute a waiver of those constitutional protections.

2. CRIMINAL LAW—GUILTY PLEA—VOLUNTARINESS—FELONIES—SIMPLE MISDEMEANORS.

A trial judge's obligation to conduct an investigation to determine whether the defendant's guilty plea was made freely, with full knowledge of the nature of the accusation, and without undue influence, applies in felony cases and circuit court misdemeanors but does not extend to simple misdemeanors.

3. CRIMINAL LAW—NOLO CONTENDERE—SIMPLE MISDEMEANORS—CONSTITUTIONAL LAW—WAIVER OF RIGHTS.

A defendant who offers a plea of nolo contendere to a simple misdemeanor must be informed of his right to assistance of counsel but need not be informed of other constitutional rights which he is waiving because of the basic nature and relatively mild consequences involved in a simple misdemeanor situation; the right to assistance of counsel coupled with the voluntary act of pleading nolo contendere is sufficient protection against the danger that ignorance, incomprehension, coercion, terror,

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 497, 501, 502.
[2] 21 Am Jur 2d, Criminal Law §§ 485–487, 505.
[3] 21 Am Jur 2d, Criminal Law § 501.

inducements, subtle or blatant threats might be a perfect coverup of unconstitutionality.

Appeal from Monroe, William J. Weipert, Jr., J. Submitted Division 2 August 31, 1973, at Lansing. (Docket No. 15944.) Decided November 29, 1973. Leave to appeal denied, 391 Mich —.

George J. Tomlinson was convicted, on his plea nolo contendere, of malicious destruction of property under $100. Defendant appealed to circuit court. Affirmed. Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James J. Rostash,* Prosecuting Attorney, for the people.

*Elsman, Young & O'Rourke* (by *Paul R. Geary),* for defendant.

Before: LESINSKI, C. J., and McGREGOR and BRONSON, JJ.

LESINSKI, C. J. Defendant pleaded nolo contendere in district court to a charge of malicious destruction of property under $100. MCLA 750.377(a); MSA 28.609(1). The judge accepted the defendant's plea, and sentenced him to 10 days in jail, a fine of $50, and $54 costs or an additional 30 days in jail. The court also placed him on probation for six months. The circuit court affirmed his conviction and sentence, and this appeal is pursued by leave granted.

A single meritorious issue is raised: Does the *Boykin-Jaworski* * rule that a defendant must be informed by the trial judge on the record of cer-

* *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969); *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972).

tain constitutional rights apply to nolo contendere pleas to simple misdemeanors?

In order to sustain the defendant's argument, two conclusions must be reached as to the applicability of the *Boykin-Jaworski* rule. First, the rule must apply to pleas of nolo contendere. Second, the rule must apply to simple misdemeanors.

We have no difficulty in extending *Boykin-Jaworski* safeguards applicable to guilty pleas to pleas of nolo contendere. Save that it cannot be used as a judicial admission in other proceedings, the nolo plea has the same consequences as a guilty plea. Nothing further remains but for the court to pass sentence. The substantial equivalence of the two is explicitly recognized in the language of the statute authorizing acceptance of nolo contendere pleas:

> "At the arraignment of any person upon an indictment or upon the charge in a warrant, complaint or information the court may accept a plea of nolo contendere and if such a plea is accepted, *the court shall proceed as if he had pleaded guilty."* (Emphasis supplied.) MCLA 767.37; MSA 28.977.

Furthermore, the Michigan Supreme Court has recognized this equivalence in GCR 1963, 785.7, effective June 1, 1973:

> "Plea of Guilty and Plea of Nolo Contendere. A defendant may enter a plea of guilty or plead nolo contendere only with the consent of the court. If the defendant states his intent *to plead guilty or to plead nolo contendere* the following practice shall be observed * * * ." (Emphasis supplied.)

However, we do not agree that the *Boykin-Jaworski* safeguards apply to simple misdemeanors. This Court has held that the trial judge's obligation to conduct an investigation to determine

whether the defendant's guilty plea was made freely, with full knowledge of the nature of the accusation, and without undue influence, applies in felony cases and circuit court misdemeanors but does not extend to simple misdemeanors. *People v Barry,* 23 Mich App 121; 178 NW2d 129 (1970); *People v Bugai,* 33 Mich App 465; 190 NW2d 257 (1971).

The Michigan Supreme Court has indicated its position on the question in GCR 1963, 785.10:

> "Except as provided in subrule 785.4 [right to assistance of counsel protection] or as otherwise provided by rule or statute the provisions of subrules 785.3 through 785.8 [including requirement of *Boykin-Jaworski* safeguards] shall not apply to offenses punishable by imprisonment for a term of less than 6 months."

Although the court rule is not controlling here since it took effect after this case arose, we believe that the drawing of a line for purposes of applying the technical safeguards of *Boykin-Jaworski* adequately protects a defendant's constitutional rights. The considerations for applying *Boykin-Jaworski* to offenses resulting in extended imprisonment simply do not apply in the case of simple misdemeanors. In *Boykin,* the petitioner faced a death sentence as a result of his guilty pleas. The Court said:

> "What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." *Boykin v Alabama,* 395 US 238, 243–244; 89 S Ct 1709, 1712; 23 L Ed 2d 274, 280 (1969).

What the plea connotes and its consequences are much more elemental and less drastic in a simple

misdemeanor situation involving 10 days in jail and a $50 fine. Accordingly, less solicitude is required than reciting the litany of constitutional rights which the defendant is waiving. The defendant must be informed of his right to the assistance of counsel guaranteed by *Argersinger v Hamlin,* 407 US 25; 92 S Ct 2006; 32 L Ed 2d 530 (1972). Given the basic nature and relatively mild consequences involved in the simple misdemeanor situation, the right to assistance of counsel coupled with the voluntary act of pleading guilty or nolo contendere is sufficient protection against the danger that "[i]gnorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality". *Boykin, supra,* at 242–243; 89 S Ct at 1712; 23 L Ed 2d at 279.

Affirmed.

All concurred.