## PEOPLE v CAIN

Docket No. 81720. Submitted September 4, 1985, at Detroit.—Decided December 10, 1985.

> Defendant, John C. Cain, was charged with one count of felonious assault and one count of assault and battery and was convicted, on his plea of guilty, of assault and battery, Oakland Circuit Court, James S. Thorburn, J. Defendant appealed. *Held:*
>
> Defendant was adequately advised of his rights. GCR 785.7 does not apply to misdemeanors. The requirements of DCR 785.4(e) were met. Defendant completed a comprehensive, clearly written form which explained all the rights inherent in the trial which would be waived by a plea of guilty, established the basis of the plea, and established that defendant's plea was understandingly made, voluntary and accurate.
>
> Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — MISDEMEANORS — COURT RULES.

   Certain portions of the court rule on taking guilty pleas are not applicable to guilty plea proceedings for offenses punishable by a prison term of less than six months (GCR 1963, 785.7; 785.10; MCR 6.101[F]; 6.101[I]).

2. CRIMINAL LAW — GUILTY PLEAS — DISTRICT COURT — COURT RULES.

   A district court judge, prior to accepting a plea of guilty, need not orally explain to the defendant the rights he is waiving by pleading guilty; a writing so indicating may be sufficient (DCR 785.4[d], 785.4[e]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief

REFERENCES

Am Jur 2d, Criminal Law §§ 469 *et seq.*

Sufficiency of court's statement before accepting plea of guilty, as to waiver of right to jury trial being a consequence of such plea. 23 ALR4th 251.

Validity and effect of criminal defendant's express waiver of right to appeal as part of negotiated plea agreement. 89 ALR3d 864.

Appellate Counsel, and *Lisa Varnier,* Assistant Prosecuting Attorney, for the people.

*Lawrence R. Greene,* for defendant on appeal.

Before: T. M. Burns, P.J., and J. H. Gillis and Gribbs, JJ.

Per Curiam. Defendant was originally charged with one count of felonious assault and one count of assault and battery. Defendant pled guilty to assault and battery, MCL 750.81; MSA 28.276. He appeals as of right. We affirm.

The sole issue on appeal is whether defendant was adequately advised of his rights prior to pleading guilty to assault and battery. Defendant specifically asserts that the court did not comply with GCR 1963, 785.7, now MCR 6.101(F), and requests that the guilty plea be set aside. We disagree. By its own terms, GCR 1963, 785.7 does not apply to guilty pleas to misdemeanors. GCR 1963, 785.10, now MCR 6.101(I), states:

"Except as provided in subrule 785.4 or as otherwise provided by rule or statute, the provisions of subrules 785.3 through 785.8 shall not apply to offenses punishable by imprisonment for a term of less than 6 months."

Assault and battery is a 90-day misdemeanor; thus the circuit court was not obligated to comply with GCR 1963, 785.7, *Detroit v Recorder's Court Judge,* 85 Mich App 284, 292; 271 NW2d 202 (1978), *lv den* 404 Mich 808 (1978); *People v Barry,* 23 Mich App 121, 122; 178 NW2d 129 (1970).

Defendant next contends that the circuit court

failed to follow the rules controlling guilty pleas in a district court prior to accepting a plea of guilty to a misdemeanor. DCR 1963, 785.4(e), now MCR 6.201(D), requires that prior to accepting a guilty plea, the court:

"(1) advise the defendant that if his plea is accepted, he will not have a trial of any kind, so he gives up the rights he would have at a trial;

"(2) determine that the plea is voluntary;

"(3) establish support for a finding that defendant is guilty of the offense charged or the offense to which the defendant is pleading.

"The court may not accept the plea unless it is convinced that the plea is understanding, voluntary, and accurate."

In accepting the plea of guilty in the instant case, the following transpired between defendant and the court:

"*The Court:* Is your name John Campbell Cain?

"*The Defendant:* Yes, Sir.

"*The Court:* And are you pleading guilty to Assault and Battery with a maximum sentence of ninety (90) days in jail, minimum sentence of probation, you are guilty?

"*The Defendant:* Yes.

"*The Court:* Are you pleading guilty because you are guilty?

"*The Defendant:* Yes.

"*The Court:* The Court will accept your plea of guilty and the Court is going to —."

In addition to the above colloquy defendant completed and signed a guilty plea form consisting

of three pages.[1] On the form defendant was advised of his right to a bench or jury trial and the rights that he would have had at either trial. He acknowledged that his plea was not the result of

---

[1] The plea form consisted of a series of printed questions with space for appropriate responses by the defendant and is reproduced below. The form questions are set forth in regular print and the defendant's responses that were written in ink are set forth in italics.

Is your name <u>John Chappell Cain?</u>     *Yes*

Are you pleading guilty to <u>Assault and Battery,</u> with a maximum sentence of <u>90 days</u> ~~years~~ in ~~prison~~ <u>jail,</u> and a minimum sentence of <u>probation</u> ~~years,~~ because you are guilty?     *Yes*

Is it true that you have been promised <u>something</u> by the prosecutor?     *Yes*                    *(something or nothing)*

If "something", state the promise. *That Count I, Felonious Assault, will be Dismissed.*

You are charged that: On <u>August 19, 1983</u> at the <u>City</u> of Hazel Park
                                              (city or township)
in Oakland County, Michigan, you did <u>commit an assault and battery</u> <u>on William Kiser by striking him with a motor vehicle contrary to</u> <u>MCL Sec 750.80</u> *[sic]*

Has your lawyer read and explained this charge to you; do you understand it and are those facts true?     *Yes*

State in your own words what you did. *I drove after and hit a man with my car*

Do you understand that by pleading guilty:

A. You will not have a trial of any kind and that you give up your right to a jury or judge trial?     *Yes*

B. You also give up the following legal rights:

i) to be presumed innocent until proven guilty beyond a reasonable doubt;

ii) to have at your request, all witnesses appear at your trial and be asked questions by your lawyer;

iii) to testify or remain silent during the trial and not have your silence used against you?     *Yes*

Do you understand that if you have been previously convicted of a felony, you may be charged as an habitual offender and the maximum sentence may be increased?     *Yes*

Do you understand that if you are on probation or parole, this guilty plea could result in your being sentenced for violating probation or parole?     *Yes*

Do you state and understand:

A. that no other promises have been made to you by anyone;

B. that I have not agreed with anyone about anything;

C. that no one has threatened you;

D. that this guilty plea is your own free choice?     *Yes*

Do counsel agree that the facts recited by the defendant are true and this plea is lawful?     *Yes*

threats or promises and was made of his own free choice; he stated in his own words, "I drove after and hit a man with my car", and acknowledged that his plea was voluntary, accurate, and that he understood his rights. The following statement appeared immediately above defendant's signature on the final page of the plea form:

"I represent to the Court that my lawyer spent ½ hour reading and discussing with me my guilt or innocence and explaining the foregoing questions to me. He has satisfactorily explained the legal consequences of the charge and my answers to the questions. All of my answers to the foregoing questions are truthful. I hereby freely and voluntarily plead guilty to: Assault and Battery.

"/s/ John C. Cain
"Signature of Respondent"

Immediately after defendant's signature the form contained a statement and signature of defendant's attorney:

"I, Kenneth Roy, attorney for John Cain, hereby certify that I have read and explained to the defendant all of the foregoing questions and the legal significance of his answers to those questions. I have advised him that, in my opinion, all of the elements of the crime are represented by the facts he recites herein. Further, I believe that he is guilty of the crime confessed to if the facts herein recited are true.

"There are no other promises resulting from plea bargaining other than those contained in this exhibit. I have spent at least ½ hour of my time discussing this plea of guilty with the respondent. I certify that the requirements of GCR 785 are satisfied by this People's Exhibit No. 1.

"/s/ Kenneth Roy
"Signature of Attorney"

In his argument defendant appears to imply

that the circuit court was required to personally advise defendant of the rights outlined in DCR 785.4(e). A similar issue was raised in *People v Tallieu,* 132 Mich App 402; 347 NW2d 469 (1984). In *Tallieu* the defendant pled guilty to a misdemeanor without the presence of an attorney. At the plea-taking proceeding the defendant received a form explaining the rights he was waiving but the trial court did not engage in any colloquy explaining the waiver of his rights. This Court found that the omission of such a colloquy was error and that it rendered the plea-taking constitutionally infirm. In a well-reasoned dissent, with which we agree, Chief Judge DANHOF noted that when the district court rule was originally proposed to the Supreme Court it contained express language that the Court personally carry out the advice of rights and personally address the defendant. That language was deleted when the rule was adopted.

"The version of DCR 785.4(d) originally proposed by the Supreme Court provided:

" '(d) Prior to accepting a plea of guilty or nolo contendere, the court shall personally carry out the following:

" '(1) speaking directly to the defendant, the court shall tell him that if his plea is accepted, he will not have a trial of any kind, so he gives up the rights he would have at a trial;

" '(2) by questioning the defendant, the court shall

" '(A) determine that the plea is voluntary, and

" '(B) establish support for a finding that he is guilty of the offense charged.

" 'The court shall not accept the plea unless it is convinced that the plea is understanding, voluntary, and accurate.'

"The language providing that the court shall 'personally carry out the following' was deleted prior to the enactment of the rule. DCR 785.4(d) is thus substan-

tially different from GCR 1963, 785.7, which requires: 'the court shall personally carry out subrules 785.7(1)-(4).' The difference in the two rules, especially considering the fact that the 'personally carry out' language was considered for DCR 785.4(d) and abandoned, leads me to conclude that the district court rule does not require oral explanation by the judge of the rights defendant is waiving by pleading guilty." *Tallieu, supra,* p 408.

We note, additionally, that the proposed rule originally had a provision which read "(2) *by questioning the defendant,* the court *shall"* (emphasis added). This language was also considered for DCR 785.4(d) and abandoned. This leads us to conclude that a determination of voluntariness and support for the finding that defendant is guilty of the charged offense may be satisfied by means other than "by questioning the defendant".

In *People v Smith,* 98 Mich App 58; 296 NW2d 183 (1980), this Court examined the purpose behind GCR 1963, 785.7(d), as expressed by the Supreme Court in *Guilty Plea Cases,* 395 Mich 96, 122; 235 NW2d 132 (1975):

"The primary purpose of subsection (d) is to impress on the accused that by his plea of guilty he waives his right to a trial. If it appears on the record that this purpose has been achieved, the omission of one or another of these rights, other than a *Jaworski* right, or the imprecise recital of any such right, including a *Jaworski* right, does not necessarily require reversal.

"On appeal the issue is whether it appears on the record that the defendant was informed of such constitutional rights and incidents of a trial as reasonably to warrant the conclusion that he understood what a trial is and that by pleading guilty he was knowingly and voluntarily giving up his right to a trial and such rights and incidents." *Smith, supra,* p 60.

See also *People v Lockett,* 111 Mich App 405, 409;

314 NW2d 640 (1981) (DANHOF, C.J., dissenting), *rev'd* 413 Mich 868; 318 NW2d 31 (1982).

In our view the requirements set forth in DCR 785.4(e) were met in the instant case. Defendant completed a comprehensive, clearly written form which explained all the rights inherent in the trial which would be waived by a plea of guilty, established the basis of the plea, and established that defendant's plea was understanding, voluntary and accurate. In addition, he admitted his guilt on the record before the trial court.

Affirmed.