PEOPLE v MILLS

Docket No. 107755. Submitted November 19, 1988, at Lansing. Decided December 15, 1988.

Francis D. Mills was charged in the Oakland Circuit Court with operating a motor vehicle while under the influence of intoxicating liquor, third offense. Defendant moved to disallow use of a 1985 plea-based conviction of operating a motor vehicle while under the influence of intoxicating liquor because he was not advised of his right to a jury trial, to confront witnesses and against self-incrimination. The court, Jessica R. Cooper, J., granted the motion. The people appealed.

The Court of Appeals *held:*

Pleas of guilty to drunk driving misdemeanors punishable by imprisonment for less than six months taken prior to February 1, 1988, are not constitutionally infirm for failure to advise the defendant of the right to a jury trial, to confrontation of witnesses and against self-incrimination and may be used to enhance punishment for operating a vehicle while under the influence of intoxicating liquor third conviction.

Reversed and remanded.

AUTOMOBILES — DRIVING WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR — PRIOR MISDEMEANOR — GUILTY PLEAS — COLLATERAL ATTACK.

Pleas of guilty to drunk driving misdemeanors punishable by imprisonment for less than six months taken prior to February 1, 1988, are not constitutionally infirm for failure to advise the defendant of the right to a jury trial, to confrontation of witnesses and against self-incrimination and may be used to enhance punishment for operating a vehicle while under the influence of intoxicating liquor third conviction.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,*

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 14-16.
See the Index to Annotations under Habitual Criminals and Subsequent Offenders.

Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Daniel J. Garber, Jr.,* Assistant Prosecuting Attorney, for the people.

Before: MACKENZIE, P.J., and WEAVER and E. A. QUINNELL,* JJ.

PER CURIAM. Defendant was charged in 1987 with operating a motor vehicle while under the influence of intoxicating liquor, third offense, MCL 257.625(6); MSA 9.2325(6), a felony. Following waiver of preliminary examination and bindover, defendant moved to disallow use of a 1985 plea-based OUIL conviction to support the third-offense charge. The circuit court granted the motion and remanded to the district court for further proceedings on a misdemeanor charge of OUIL second offense. The prosecutor's interlocutory appeal is now before us on order of the Supreme Court for consideration as on leave granted. See 430 Mich 862 (1988). We reverse and remand for reinstatement of the original charge.

Defendant's motion to disallow use of his 1985 plea-based OUIL conviction was predicated upon the district court's failure in that case to advise him of his *Boykin-Jaworski* rights, *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969); *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972). The record establishes that the 1985 conviction was the product of a plea bargain whereby defendant pled guilty to OUIL, a ninety-day misdemeanor, in exchange for dismissal of the original charge of OUIL second offense, a one-year misdemeanor. It is undisputed that he was not informed of his *Boykin-Jaworski* rights at that plea taking. The circuit court in the instant case apparently agreed that this failure precluded the

* Circuit judge, sitting on the Court of Appeals by assignment.

use of the conviction to enhance the current charge, ruling that the 1985 conviction was "constitutionally invalid."

There is a split of authority in this Court on the question whether the *Boykin-Jaworski* rights are required to be given when a defendant pleads guilty to a misdemeanor. A minority of cases hold that the *Boykin-Jaworski* advice must be given. *People v McKinnon,* 139 Mich App 362; 362 NW2d 809 (1984); *People v Tallieu,* 132 Mich App 402; 347 NW2d 469 (1984); *People v Taylor,* 89 Mich App 238; 280 NW2d 500 (1979). The majority of cases hold that the *Boykin-Jaworski* rights are inapplicable in a misdemeanor prosecution, however. *People v Cain,* 148 Mich App 765; 385 NW2d 632 (1985), lv den 424 Mich 894 (1986); *People v Jelneck,* 148 Mich App 456; 384 NW2d 801 (1986), lv den 425 Mich 876 (1986); *Detroit v Recorder's Court Judge,* 85 Mich App 284; 271 NW2d 202 (1978), lv den 404 Mich 808 (1978); *People v Tomlinson,* 50 Mich App 655; 213 NW2d 803 (1973), lv den 391 Mich 824 (1974); *People v Bugai,* 33 Mich App 465; 190 NW2d 257 (1971); *People v Barry,* 23 Mich App 121; 178 NW2d 129 (1970). In *People v Nydam,* 165 Mich App 476; 419 NW2d 417 (1987), lv den 430 Mich 861 (1988), this Court not only held that the *Boykin-Jaworski* rights do not apply to misdemeanor guilty plea proceedings, but also held that a defendant charged with OUIL third offense may not collaterally attack a court's failure to inform him of the *Boykin-Jaworski* rights in a prior plea-based conviction. See also *People v Schneider,* 171 Mich App 82; 429 NW2d 845 (1988).

We agree with the majority view and hold that pleas of guilty to misdemeanors punishable by imprisonment for less than six months taken prior to February 1, 1988, are not constitutionally infirm for failure to advise the defendant of the *Boykin-*

*Jaworski* rights[1] and thus may be used to enhance punishment for an OUIL third conviction. In *City of Livonia v Jasik,* 393 Mich 439, 442-443; 224 NW2d 838 (1975), the Supreme Court noted that "[t]he Court is at this time considering a rule whereby the plea-taking procedure in misdemeanor cases would be clarified." The clarifying rule adopted by the Court was GCR 1963, 785.10 which read:

> Except as provided in subrule 785.4 or as otherwise provided by rule or statute the provisions of subrule 785.3 through 785.8 [including 785.7 regarding the *Jaworski* rights] shall not apply to offenses punishable by imprisonment for a term of less than 6 months.

GCR 1963, 785.10 is repeated in MCR 6.101(I). We

---

[1] The limitation of our holding to guilty plea proceedings involving misdemeanors punishable by less than six months in jail and taken prior to February 1, 1988, is based on the Supreme Court's adoption of an amendment to MCR 6.201, governing criminal procedure in district court. This amendment, effective February 1, 1988, substantially alters the procedure for taking guilty pleas in district court. It provides in pertinent part:

> (E) Pleas of Guilty and No Contest. Before accepting a plea of guilty or no contest the court shall in all cases comply with this rule.
>
> *   *   *
>
> (3) The court shall advise the defendant of the following:
> (a) the mandatory minimum jail sentence, if any, and the maximum possible penalty for the offense,
> (b) that if the plea is accepted he or she will not have a trial of any kind and that he or she gives up the following rights that he or she would have at trial:
> (i) the right to have witnesses called for his or her defense at trial,
> (ii) the right to cross-examine all witnesses called against him or her,
> (iii) the right to testify or to remain silent without an inference being drawn from said silence,
> (iv) the presumption of innocence and the requirement that his or her guilt be proven beyond a reasonable doubt. [429 Mich cxx-cxxi.]

think this demonstrates the Supreme Court's intention that advice as to the *Boykin-Jaworski* rights would not be required to be given in misdemeanor prosecutions where imprisonment was for a period of less than six months.

In this case, the OUIL charge for which defendant entered his guilty plea in 1985 was punishable by imprisonment for not more than ninety days. MCL 257.625; MSA 9.2325.[2] When defendant pled guilty to that offense, therefore, the district court was not required to advise him of his *Boykin-Jaworski* rights. Furthermore, because the *Boykin-Jaworski* rights were not required, defendant's 1985 conviction is not subject to collateral attack. *Nydam, supra; Schneider, supra.* The circuit court committed error requiring reversal in holding otherwise.

Reversed and remanded for reinstatement of the original charge of OUIL third offense.

---

[2] In the circuit court, defendant maintained that the length of imprisonment authorized for the original charge of OUIL second offense—one year—should control for purposes of determining whether the *Boykin-Jaworski* rights should have been given. We summarily reject such a proposition. We think it abundantly clear that, since defendant did not plead guilty to OUIL second offense, the authorized punishment for that offense has no relevance.