### CITY OF LIVONIA v JASIK

Docket No. 55715. Argued January 9, 1975 (Calendar No. 11).—Decided January 21, 1975.

Judy Jasik was convicted, on her plea of guilty, of fleeing arrest. At her initial appearance before the court, defendant and others were advised as a group of their rights, but at the time that her plea was entered the district judge, James R. McCann, J., did not again advise the defendant of her rights, nor was there a determination that the plea was voluntary. The Wayne Circuit Court, Horace W. Gilmore, J., affirmed. The Court of Appeals, Allen, P. J., and R. B. Burns and D. E. Holbrook, JJ., denied leave to appeal (Docket No. 19244). Defendant appeals, contending her plea was invalid because it was not accepted in accordance with procedures established by case law. *Held:*

1. The question whether case law requires that the procedures used in accepting a plea of guilty in felony cases be extended to misdemeanors need not be reached, because the trial court did not follow existing procedures set forth in the District Court Rules when it accepted defendant's plea of guilty (DCR 2003.8).

2. Although the trial court had given a statement of rights to the defendant and a group of others at her initial appearance, the statement was not repeated prior to acceptance of the plea nor was there a determination that the plea was free and voluntary; this plea-taking procedure does not comply with the court rule.

3. The conviction is reversed and the case remanded to the district court to permit defendant to withdraw her plea of guilty.

CRIMINAL LAW—PLEA OF GUILTY—ORDINANCES—DISTRICT COURT RULES.

A plea-taking procedure in a misdemeanor case of ordinance

---

REFERENCES FOR POINTS IN HEADNOTE

[1] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

violation did not comply with the district court rule which provides that before accepting a plea of guilty to a traffic offense other than parking, standing, or nonmoving traffic offenses, the court shall inform the defendant of his constitutional rights and determine that the plea offered is free and voluntary, where, although the trial court had given a statement of rights to the defendant and a group of others at her initial appearance, the statement was not repeated prior to acceptance of the plea of guilty nor was there a determination that the plea was free and voluntary (DCR 2003.8).

*Harry C. Tatigian,* City Attorney, and *Robert B. Brzezinski,* Assistant City Attorney, for the City of Livonia.

*Richard M. Lustig,* for defendant.

Amici Curiae:

*William L. McManus,* for Michigan District Judges Association.

*G. H. Zitzelsberger,* for Michigan Association of Municipal Judges.

*Alphonso R. Harper,* for Recorder's Court of Detroit.

*John L. Barkai (Stuart M. Israel,* of counsel), for Clinical Advocacy Program, Wayne State University Law School.

M. S. COLEMAN, J. Defendant was charged with fleeing arrest and reckless driving. On November 9, 1972, she appeared in district court along with other defendants and the judge informed the group of their rights.[1]

---

[1] "When I call your name, please step up before the bench. Step up before the microphone in front of the recorder. I will read the charge against you and at that time, you may enter your plea. You may enter a plea of not guilty, guilty, or you may stand mute. If you enter

When defendant stepped forward, she was told her offense was "punishable by a maximum of 90 days in jail or a fine of $500, or both, in the discretion of the court". The judge said the defendant was "entitled to a trial either by this Court or by a jury". After indicating that she had heard the explanation of her rights, defendant elected to stand mute.

When defendant returned to court on November 30, her lawyer said he had "advised her of her rights and she wishes at this time to change her plea from not guilty to that of guilty to this charge" of fleeing arrest. The prosecutor agreed to dismiss the charge of reckless driving.

The court and defendant had this exchange:

"*The Court:* All right, you've heard what your attorney has said, do you agree with what he has said?

"*Ms. Jasik:* Yes sir.

"*The Court:* All right and your rights were explained to you at the time of arraignment and you understood?

"*Ms. Jasik:* Yes.

"*The Court:* And your attorney has subsequently explained them to you again?

"*Ms. Jasik:* Yes.

"*The Court:* All right, the Court will accept your plea of guilty."

---

a plea of mute or not guilty, I'll assign a trial date and the officer will give you a slip as a reminder of that date. If you enter a plea of guilty in a traffic offense, a fine will in most cases be levied today. If it's a more serious charge, you'll be instructed to go down to the Probation Department and a presentence report will be gotten from the Probation Department and you will report back on the date I give you as sentencing date. Now, each of you has a right to a trial. You have a right to a trial either by this Court or by a jury if you so desire. You're entitled to call witnesses in your behalf. You're entitled to cross examine the witnesses of the People. You're entitled to be represented by counsel, and if you are indigent, to have counsel appointed for you. It is the duty of the People to prove any charge against you beyond a reasonable doubt. Now, if you have any questions, you may ask them when you're up before the bench."

The court postponed sentencing to receive a pre-sentence report from the probation department.

Sentencing occurred on December 28. The probation department recommended a jail sentence. Surprised, defendant's attorney explained the circumstances of the incident. Unmoved, the court fined defendant $100 and ordered her to spend 10 days in the Detroit House of Correction.

On appeal the circuit court affirmed, expressing a hope that "appeal will be sought to the Supreme Court of Michigan to clarify this matter". The Court of Appeals denied leave to appeal "for lack of merit in the grounds presented".

Defendant contends her plea is invalid because it was not accepted in accordance with procedures established by *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), and adapted in *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972). Defendant argues that *Argersinger v Hamlin,* 407 US 25; 92 S Ct 2006; 32 L Ed 2d 530 (1972), indicates these procedures should be extended to misdemeanors.

Citing previous decisions using the Fourteenth Amendment to apply the Sixth Amendment to all state criminal prosecutions, *Argersinger* held that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial". *Argersinger* is retroactive. (See *Berry v Cincinnati,* 414 US 29; 94 S Ct 193; 38 L Ed 2d 187 [1973]).

Defendant's contention concerning *Boykin* and *Jaworski* has interested this Court (see *e.g. People v Kuchulan,* 390 Mich 701; 213 NW2d 95 [1973]) and the Court of Appeals (see *People v Tomlinson,* 50 Mich App 655; 213 NW2d 803 [1973]). The Court is at this time considering a rule whereby

the plea-taking procedure in misdemeanor cases would be clarified.

However, we find it unnecessary to reach the issue raised by defendant. In accepting her plea, the trial court did not follow existing procedures. For this reason, we reverse the decisions below and remand to the district court.

DCR 2003.8 reads:

"Before accepting a plea of guilty to a traffic offense other than parking, standing, or non-moving traffic offenses, the court shall inform the defendant of his constitutional rights and determine that the plea offered is free and voluntary."

DCR 2002.1 defines traffic offenses in part as being "any violation of a statute, ordinance or regulation relating to the operation or use of motor vehicles".[2]

Although the trial court had given a statement of rights to the defendant and a group of others at her initial appearance, the statement was not repeated prior to acceptance of the plea nor was there a determination that the plea was free and voluntary. This plea-taking procedure does not comply with the court rule.

By this decision we do not mean to condone the action or inaction of defendant's attorney who has represented her throughout these proceedings. Reference is made to part IV of Justice WILLIAMS'

[2] The ordinance under which defendant was charged reads:

"A driver of a motor vehicle, who is given by hand, voice, emergency light or siren a visual or audible signal by a police officer, acting in the lawful performance of his duty, directing the driver to bring his motor vehicle to a stop, and who wilfully fails to obey such direction, by increasing his speed, extinguishing his lights, or otherwise attempting to flee or elude the officer, is guilty of a misdemeanor. The officer giving the signal shall be in uniform; and a vehicle driven at night shall be adequately identified as an official police vehicle."

opinion in *Jaworski* in which a similar situation was discussed.

We reverse the decisions of the courts below and remand to the district court to permit defendant to withdraw her plea.

T. G. Kavanagh, C. J., and T. M. Kavanagh, Swainson, Williams, Levin, and J. W. Fitzgerald, JJ., concurred with M. S. Coleman, J.