PEOPLE v RADOWICK

1. CRIMINAL LAW—EVIDENCE—STATEMENTS OF DEFENDANT—VOLUN-
TARINESS—MIRANDA WARNINGS—EXPLOITATION—ADMISSIBILITY.

The crucial question in determining whether a statement made
by a criminal defendant after he had received his *Miranda*
warnings was caused and tainted by a prior inadmissible state-
ment made before warnings were given is whether the state-
ment was arrived at by exploitation of the inadmissible state-
ment, or instead by means sufficiently distinguishable to be
purged of the primary taint.

2. COURTS—RECORDER'S COURT—SUPERINTENDING CONTROL—EXAMIN-
ING MAGISTRATE.

Case precedent holds that an examining magistrate in Recorder's
Court is subject to the superintending control of the Wayne
County Circuit Court.

3. COURTS—LAW OF CASE DOCTRINE—SUBSEQUENT PROCEEDINGS—OB-
JECTIONS—APPEAL AND ERROR.

The last utterance of an appellate court determines the law of
the case, and upon remand for another trial subsequent to the
appeal, the trial court is bound to follow the law as stated by
the appellate court; if a litigant has an objection to the law as
stated by the appellate court, his redress is an application for
rehearing to the deciding court or an appeal to a still higher
tribunal.

Appeal from Recorder's Court of Detroit, An-
drew C. Wood, J. Submitted June 16, 1975, at
Detroit. (Docket No. 21080.) Decided August 27,
1975.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 557.
[2] 20 Am Jur 2d, Courts § 117.
　Superintending control over inferior tribunals. 112 ALR 1351.
[3] 5 Am Jur 2d, Appeal and Error § 744.

Jerome F. Radowick was convicted of felonious driving. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *Barry J. Siegel,* Assistant Prosecuting Attorney, for the people.

*George B. Catlin,* for defendant on appeal.

Before: T. M. BURNS, P. J., and QUINN and M. J. KELLY, JJ.

M. J. KELLY, J. Defendant was convicted by a jury in the traffic and ordinance division of Detroit Recorder's Court of the offense of felonious driving, MCLA 752.191; MSA 28.661. Defendant appeals, raising a number of issues, one of which merits decisional discussion.

The proofs tended to show that John House was driving a 1959 Chevrolet in the early morning hours of October 31, 1970. He stopped for a red light and, when the light turned green, he again started moving. At that time, his car was struck in the rear end by a Pontiac. The car of Mr. House burst into flames and he was severely burned. He did not identify defendant as the driver of the Pontiac.

Joseph Kettler viewed the accident and helped rescue House from the flaming car. He could not identify defendant as the driver of the car.

Joseph Wakula testified that on the night in question he was a passenger in defendant's car while defendant was driving. He suffered a head injury and was unable to recall events immedi-

ately before and after the accident. However, he was sure that defendant was the driver of the offending vehicle.

Officer Douglas Fisher handled the initial investigation. He interviewed defendant at the hospital so that a report of the accident could be compiled for traffic safety and accident prevention purposes. Defendant made certain admissions at that time. It is conceded that at the time of this interview defendant had not been given the warnings required by *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966). It is therefore clear that defendant's admissions at this interview could not lawfully be used as evidence at his trial. And they weren't.

However, the prosecution did use admissions made by defendant two days later at police headquarters. He had been instructed by Officer Fisher to contact the fatal squad of the Accident Prevention Bureau (A.P.B.). When he did so, he was asked to come down to headquarters. He went to A.P.B. and was given the *Miranda* warnings, whereupon he again proceeded to incriminate himself. Two crucial disputes arise, one substantive and the other primarily procedural.

Defendant's claim, supported by his testimony at a *Walker*[1] hearing, is that defendant's ignorance about the inadmissibility of the first statement caused him to give the second statement. To paraphrase, he says that after giving the first statement to Officer Fisher he believed that it would be futile to later invoke his right to remain silent. In view of the claimed causal nexus between the statements, defendant claims that the second was caused by the first which violated *Miranda.* In

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

support, defendant cites *Harney v United States,* 407 F2d 586 (CA 5, 1969).

The people claim that the initial interview in no way affected the second. Their position is that the interrogation at headquarters must stand or fall on its own and that when the issue is correctly viewed the trial court must be affirmed. Reliance is placed on *People v Merlo,* 23 Mich App 694; 179 NW2d 222 (1970).

The fruit of the poisoned tree analysis is appropriate. *People v Gunn,* 48 Mich App 772; 211 NW2d 84 (1973), *Harney v United States, supra.* The crucial question is whether, granting establishment of the primary illegality, the evidence to which the instant objection is made has been arrived at by exploitation of that illegality, or instead by means sufficiently distinguishable to be purged of the primary taint. *Wong Sun v United States,* 371 US 471; 83 S Ct 407; 9 L Ed 2d 441 (1963), *People v Merlo, supra.* That question is essentially one of fact, *i.e.,* whether there was a causal connection. Having stated the factual dispute in this case, we decline to resolve it, for the procedural dispute is such that we are required to reverse.

The procedural meanderings of this case are unusual. At the preliminary examination, the examining magistrate overruled defendant's constitutional objections and proceeded to consider defendant's A.P.B. admissions in passing on the question of whether defendant should be bound over for trial. Defendant sought leave to appeal to the Court of Appeals. The application was dismissed by this Court on its own motion for the reason that the proper forum for the appeal was Wayne County Circuit Court. *People v Paille #1,* 383 Mich 605; 178 NW2d 469 (1970), *Wayne County*

*Prosecuting Attorney v Recorder's Court Judge,* 27 Mich App 419; 183 NW2d 577 (1970). Defendant then appealed to circuit court. The issue was submitted on the basis of the preliminary examination testimony.

The circuit court judge framed the issue as "whether the defendant's statement to Patrolman Tingler in the Accident Prevention Bureau on November 2, 1970, following a proper *'Miranda'* warning was, nevertheless, inadmissible because it was causally related to a similar statement given to another officer two days earlier not preceeded by a correct Miranda warning". The court ruled that "the incriminating statement made to Officer Tingler was inadmissible in evidence and should have been suppressed". The court then concluded that the examining magistrate had improperly relied on that evidence and so the court reversed the order binding defendant over for trial.

Another preliminary examination was held and defendant was again bound over. At trial, the prosecutor again sought to introduce the A.P.B. statement despite the circuit court suppression order. The trial court conducted an evidentiary hearing and ruled the statement admissible. Accordingly, the A.P.B. interview at police headquarters was admitted into evidence. The trial judge, in effect, ignored the circuit court's appellate finding.

Defendant's claim is that the people were bound by the appellate decision of the Wayne County Circuit Court and that it was error to introduce the admissions that were once found to have been unlawfully taken. The people's claim is more complicated; they urge that the appellate determination was confined only to the jurisdictional area of the preliminary examination. The people also claim that the circuit court did not intend to

suppress the ultimate evidentiary use of the admissions. They argue that since at trial the judge conducted an evidentiary hearing and had more information, it is that decision which must be upheld.

The opinion of circuit court is eminently clear in that it specifically finds that the second confession was unconstitutionally procured. The court ruled that the evidence should have been suppressed and no mental gymnastics can convert that ruling into anything but an order suppressing the further use of the A.P.B. confession. The doctrine of "law of the case" is dispositive. The doctrine is explained in *People v Whisenant,* 384 Mich 693, 702; 187 NW2d 229 (1971), where the Court cited with approval the opinion of this Court in *People v Whisenant,* 19 Mich App 182, 189; 172 NW2d 524 (1969):

"It is fundamental law that the last utterance of an appellate court determines the law of the case, and upon remand for another trial subsequent to the appeal, the trial court is bound to follow the law as stated by an appellate court. If a litigant has any objection to the law as stated by the appellate court, his redress is an application for rehearing to the deciding court or an appeal to a still higher tribunal."

The rule seeks to promote finality. This Court has continually admonished defense counsel to bring suppression motions in advance of trial. See the concurring opinion of Judge Elliott in *People v Roberson,* 55 Mich App 413, 424; 222 NW2d 761 (1974). We detract from the force of those warnings if we allow compliance to work to defendant's detriment. "Law of the case" also seeks to prevent forum shopping. We hold that the decision of the Wayne County Circuit Court was binding in the

absence of an appeal therefrom. The prosecution cannot collaterally attack that opinion and cannot seek to have it overturned by another judge at trial.

Reversed and remanded for a new trial at which the A.P.B. statement made by defendant shall be suppressed.