PEOPLE v HAKER

Docket No. 91997. Submitted November 6, 1986, at Lansing. Decided March 17, 1987.

William K. Haker pled guilty in the Clinton Circuit Court to a felony charge of operating a vehicle while under the influence of alcohol (OUIL), third offense. The trial court, Randy L. Tahvonen, J., sentenced defendant to from three to five years imprisonment. After sentencing, defendant moved to withdraw his plea of guilty and asserted as grounds for the withdrawal that the OUIL, second offense conviction which was used as a predicate offense was constitutionally infirm due to the lack of counsel. Defendant appeals from the trial court's denial of his motion raising the issue whether the defendant should be permitted to withdraw his guilty plea after sentencing because a conviction used as a predicate offense was constitutionally infirm due to the lack of counsel.

The Court of Appeals *held:*

1. The defendant should have moved to quash the information or strike from the information the infirm conviction before tendering his guilty plea. By failing to do so, the defendant waived his right to challenge the validity of the predicate offense for purposes of the OUIL, third offense conviction.

2. If an argument is to be entertained regarding notice to the prosecutor of an infirm prior conviction, the notice would have to come at least prior to conviction, if not prior to the filing of a supplemental information. Here, defendant makes no claim that the prosecutor and trial court had notice of the deficiency

REFERENCES

Am Jur 2d, Criminal Law §§ 500 *et seq.;* 625 *et seq.*

Increased sentences for dangerous offenders under 18 USCS § 3375. 41 ALR Fed 576.

Withdrawal of plea of guilty or nolo contendere, after sentence, under Rule 32(d) of Federal Rules of Criminal Procedure. 9 ALR Fed 309.

Validity and construction of statute or ordinance mandating imprisonment for habitual or repeated traffic offender. 2 ALR4th 618.

in his prior conviction before he pled guilty to OUIL, third offense.

3. Defendant's sentence did not amount to cruel and unusual punishment.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEAS — CONSTITUTIONALLY INFIRM PREDICATE OFFENSES.

A defendant may not withdraw his guilty plea after sentencing because a conviction upon which the charged offense was predicated was constitutionally infirm due to the lack of counsel; the defendant, to prevent the waiver of the right to challenge the validity of the predicate offense, should move to quash the information or strike from the information the infirm conviction before tendering his guilty plea.

2. CRIMINAL LAW — SENTENCING — CRUEL AND UNUSUAL PUNISHMENT.

A defendant's sentence of from three to five years imprisonment upon conviction of the felony of operating a motor vehicle while under the influence of alcohol, third offense, may be found not to constitute cruel and unusual punishment where defendant's three convictions were all within a two-year period, the defendant had a number of prior misdemeanors and felonies which were alcohol-related, defendant had been involved in six traffic accidents, four of which were alcohol-related, the trial court perceived that society needed protection from the defendant, and the trial court determined that rehabilitation was not a goal of the sentence given defendant's lack of responsiveness to rehabilitation attempts in the past (MCL 257.625[6]; MSA 9.2325[6]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Jon W. Newman,* Prosecuting Attorney, and *Charles D. Sherman,* Assistant Prosecuting Attorney, for the people.

*Donald L. Correll,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and ALLEN and P. J. CLULO,* JJ.

ALLEN, J. Should defendant be permitted to

* Circuit judge, sitting on the Court of Appeals by assignment.

withdraw his guilty plea after sentencing because a conviction used as a predicate offense was constitutionally infirm due to the lack of counsel?

This issue of first impression arises on the following facts.

Defendant was not represented by an attorney in proceedings pertaining to his September 5, 1984, misdemeanor conviction for operating a vehicle while under the influence of alcohol (OUIL), second offense. MCL 257.625(5); MSA 9.2325(5). Subsequently, on December 9, 1985, defendant pled guilty to a felony charge of OUIL, third offense, MCL 257.625(6); MSA 9.2325(6), and was sentenced to a term of from three to five years imprisonment. After sentencing, defendant moved to withdraw his plea of guilty and asserted as grounds for the withdrawal that the OUIL, second offense conviction was constitutionally infirm due to the lack of counsel.

We find that the defendant should have moved to quash the information or strike from the information the infirm conviction before tendering his guilty plea. By failing to do so, the defendant waived he right to challenge the validity of the predicate offense for purposes of the OUIL, third offense conviction.

At defendant's plea-taking proceeding, it was established that, in exchange for defendant's guilty plea, the prosecutor agreed to the dismissal of pending misdemeanor charges for assault and battery, marijuana possession and driving with a suspended license, second offense. The prosecutor also promised not to file a supplemental information charging defendant as a fourth-felony offender. The effect of this agreement was to provide that the defendant would face only a five-year maximum sentence, see MCL 257.902; MSA 9.2602, instead of the life sentence he potentially

faced as an habitual offender. MCL 769.12; MSA 28.1084.

When defendant's plea was taken, defendant was specifically asked by the trial court whether he had been represented by an attorney at proceedings pertaining to his two prior OUIL convictions. Defendant responded affirmatively. However, defendant's presentence information report, prepared after acceptance of the plea, stated that defendant was not represented by counsel at his second OUIL plea-based conviction. Neither the trial judge, the prosecutor, defense counsel nor the defendant made mention of the lack of counsel prior to sentencing. However, defendant's appellate counsel followed up on the presentence information report and established that defendant was not represented by counsel at the subject proceedings and, moreover, that defendant never waived his right to counsel. As a result of these findings, defendant's appellate counsel prepared the motion to withdraw defendant's plea.

In *People v Stratton,* 148 Mich App 70; 384 NW2d 83 (1985), this Court held that an OUIL, third offense conviction could not stand where the defendant did not have representation of counsel in regards to his two prior OUIL misdemeanor convictions. Similarly, in *People v Schneider,* 132 Mich App 214; 374 NW2d 21 (1984), this Court acknowledged that two prior OUIL convictions obtained without counsel could not be used as support for an OUIL, third offense conviction, or as a basis for enhancing sentence, unless the right to counsel was validly waived. Nonetheless, neither of these two cases speaks to the issue of when a defendant must assert the infirmity of a prior conviction in order for the issue to be taken into consideration.

In *People v Crawford,* 417 Mich 607; 339 NW2d

630 (1983), the Michigan Supreme Court held that a plea-based conviction, defective because of a failure to advise the defendant of his *Jaworski* rights [*People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972)], could not be used as a predicate offense in an information charging the defendant as an habitual offender. However, the Court indicated that in order to guard against such a conviction being so used, the defendant must make a timely motion to either quash the information or strike from the information the defective conviction. The Court held that in order for the motion to be deemed timely, it must be made before a plea of guilty or nolo contendere is accepted. Since the defendant in *Crawford, supra,* did not move timely for such relief, his habitual offender conviction was affirmed.

Despite the obvious parallels between *Crawford, supra,* and the case at bar, defendant attempts to distinguish *Crawford, supra,* in three ways. First, he notes that the defect in *Crawford, supra,* involved the failure to advise of *Jaworski* rights whereas the defect herein involves a denial of the right to counsel. Second, he points out that in *Crawford, supra,* the Court found that the defendant would suffer no prejudice from use of the defective prior conviction since: (1) the defendant had two other prior convictions that could have been used for supplementation; and (2) he was sentenced within the period that would have been allowed if supplemental charges had not been filed. Finally, defendant notes that in *Crawford, supra,* the prosecutor was not aware of the defect in the defendant's prior conviction whereas here both the prosecutor and the trial court had reviewed the presentence information report. Accordingly, defendant argues, they should have known that defendant was not represented by

counsel with respect to the prior conviction and should have investigated whether defendant had waived said right.

We do not view the defendant's bases for distinguishing *Crawford, supra,* from the present case as persuasive for the following reasons. First, we believe that *Crawford, supra,* must be read as blurring any distinction between a failure to advise of *Jaworski* rights and the absence of counsel. Defendant asserts a contrary proposition based on Justice BRICKLEY's concurring opinion in *Crawford, supra,* wherein he stated that he would allow an attack on a prior guilty plea in a subsequent habitual offender proceeding only if the prior plea were taken in violation of *Gideon v Wainwright,* 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963), i.e., if it were taken without the defendant's being afforded the right to counsel. In response to this concurring opinion, the majority noted that while the denial of the right to counsel had been accorded "special importance," the Court had "assigned pre-eminent importance" to a full recital of a defendant's rights in a guilty plea proceeding. *Crawford, supra,* p 614, n 14. Thus, the Court resolved that a conviction gained without the benefit of counsel and one gained without the defendant's being advised of his *Jaworski* rights were to be treated the same for purposes of their use in an habitual offender proceeding.

With respect to defendant's second basis for distinguishing *Crawford, supra,* we acknowledge that the Supreme Court found that Crawford suffered no prejudice by the use of his defective conviction and that the defendant here does not share this lack of prejudice. However, we note that the *Crawford* Court's decision regarding when a defective conviction would have to be challenged did not rely at all on the absence of prejudice to

the defendant. Accordingly, we do not view this distinction as significant.

Finally, we acknowledge that there is some evidence that the trial court and the prosecutor were aware prior to sentencing that defendant's prior conviction was possibly defective. In *Crawford, supra,* p 613, the Court noted that defendant had not claimed "that the prosecutor was on notice that a prior conviction was deficient or subject to challenge." However, when this statement is viewed in context, it is clear that if an argument is to be entertained regarding notice to the prosecutor of an infirm prior conviction, the notice would have to come at least prior to conviction, if not prior to the filing of the supplemental information. Since defendant makes no claim that the prosecutor and trial court had notice of the deficiency in his prior conviction before he pled guilty to OUIL, third offense, we do not view the above-quoted language in *Crawford, supra,* as supportive of defendant's argument.[1]

*Crawford, supra,* dealt with a prior conviction that was being used in a supplemental information charging the defendant as an habitual offender. The present case deals with an OUIL, second offense conviction being used as the basis for an OUIL, third offense charge. We see no basis for distinguishing between these two situations and hold that a defendant who wants to challenge a predicate OUIL conviction must do so prior to conviction on the OUIL third offense charge, by moving to quash the information or strike from the infor-

[1] For similar reasons, we reject defendant's second argument in which he asserts that, in keeping with the prosecutorial duty to achieve a just result and based on the same language in *Crawford, supra,* the prosecutor should have investigated further when the presentence information report indicated that the second OUIL conviction was without counsel. Again, *Crawford, supra,* does not stand for the proposition that the prosecutor has a duty to investigate the merits of a charge after conviction.

mation the infirm OUIL conviction. The defendant not having done so in this case, his conviction is affirmed.

Defendant also argues that his sentence of from three to five years imprisonment constitutes cruel and unusual punishment. In support of this argument, defendant cites numerous statistics which indicate that defendant's sentence is disproportionate to sentences given to others for the crime of OUIL, third offense, and that it is more severe than the sentences given to defendants who have committed more serious crimes. Moreover, defendant asserts that his sentence did not give appropriate attention to the goal of rehabilitation.

We do not have any insight into the reasons given for the sentences that defendant uses as a basis for comparison. Moreover, we note that an OUIL, third offense can occur if a defendant has three OUIL convictions within a ten-year period. In the present case, defendant's three OUIL convictions were all within a two-year period. Taking this factor into consideration, that defendant's sentence might appear more severe than those usually rendered for the crime of operating a motor vehicle while under the influence of alcohol for the third time may not be so significant.

The trial court gave a number of reasons which appear to justify the disparity of defendant's sentence: (1) defendant had a number of prior misdemeanors and felonies which were alcohol-related; (2) defendant had been involved in six traffic accidents, four of which were alcohol-related; and (3) based on the foregoing reasons, the trial court perceived that society needed protection from the defendant. Further, we do not believe that the trial court can rightfully be criticized for discounting the goal of rehabilitation, where it explained that the same could not be its goal given defen-

dant's lack of responsiveness to such attempts in the past. The trial court believed that if defendant were faced with a crisis such as the sentence he received, it might serve as an effective impetus for change. Under these circumstances, we do not find that defendant's sentence amounted to cruel and unusual punishment.

Affirmed.