PEOPLE v NYDAM

Docket No. 97518. Submitted July 30, 1987, at Grand Rapids. Decided
September 23, 1987. Leave to appeal denied, 430 Mich —.

James M. Nydam entered a conditional plea of guilty of operating
a motor vehicle while under the influence of intoxicating
liquor, third offense, Kent Circuit Court, Robert A. Benson, J.
The plea was conditioned on the preservation of defendant's
right to appeal the trial court's denial of a motion to strike
the use of his prior misdemeanor convictions of OUIL. Defendant
had argued that the convictions were legally infirm because the
district court which accepted defendant's guilty pleas did not
explain on the record the rights defendant would have had at
trial and did not determine whether defendant's pleas were
voluntary. Defendant appealed.

The Court of Appeals *held*:

1. The plea-taking requirements imposed on trial courts by
*People v Jaworski*, 387 Mich 21 (1972), apply only to felonies
and not to misdemeanors. The right to counsel coupled with the
voluntary act of pleading guilty or nolo contendere provides
sufficient protection for misdemeanor defendants.

2. A guilty plea is valid under both the federal and Michigan
constitutions if, as in this case, from the totality of the record it
appears to have been intelligently and voluntarily made.

Affirmed.

1. CRIMINAL LAW — DRIVING WHILE UNDER THE INFLUENCE OF INTOX-
ICATING LIQUOR — PRIOR CONVICTIONS — COLLATERAL ATTACK.

A defendant's prior plea-based misdemeanor convictions of oper-

REFERENCES

Am Jur 2d, Criminal Law §§ 469 *et seq.*

Am Jur 2d, Judgments §§ 621 *et seq.*

Degree of mental competence, required of accused who pleads
guilty, sufficient to satisfy requirement, of Rule 11 of Federal
Rules of Criminal Procedure, that guilty pleas be made volunta-
rily and with understanding. 31 ALR Fed 375.

Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof. 97
ALR2d 549.

See also the annotations in the Index to Annotations under Collat-
eral Attack.

ating a motor vehicle while under the influence of intoxicating liquor are not subject to collateral attack in proceedings involving a charge of operating a motor vehicle while under the influence of intoxicating liquor, third offense, where the record indicates that, at the misdemeanor proceedings, the defendant was advised of his right to counsel and voluntarily entered his pleas (MCL 257.625; MSA 9.2325).

2. CRIMINAL LAW — GUILTY PLEAS — CONSTITUTIONAL LAW — APPEAL.

A guilty plea is constitutionally valid if from the totality of the record it appears to have been intelligently and voluntarily made (US Const, Am V; Const 1963, art I, § 17).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*Kelly, Henkel & David, P.C.* (by *Michael F. Kelly* and *Lynn Marie Perry*), for defendant.

Before: CYNAR, P.J., and WEAVER and J. H. HAUSNER,* JJ.

PER CURIAM. Following the Kent Circuit Court's denial of defendant's motion to strike the use of prior convictions, on December 17, 1986, defendant conditionally pled guilty to, and was convicted of, driving while under the influence of intoxicating liquor (OUIL), third offense, MCL 257.625; MSA 9.2325, preserving his right to appeal the denial of his motion.

Defendant attempts to collaterally attack his two prior OUIL guilty pleas and convictions of January 22, 1982, and June 25, 1985, asserting their legal infirmity because the district judge did not explain on the record the rights defendant would have had at trial and did not determine

---

* Circuit judge, sitting on the Court of Appeals by assignment.

whether defendant's pleas were voluntary. Defendant maintains that these prior convictions may not be used to enhance punishment for his third OUIL conviction of December 17, 1986.

We disagree. Collateral attack is limited to situations where the constitutional requirements of *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972),[1] are not met. However, since these safeguards apply to felonies and not to misdemeanors, *People v Tomlinson,* 50 Mich App 655, 658-659; 213 NW2d 803 (1973), lv den 391 Mich 824 (1974), collateral attack reaches only those situations where the *Jaworski* rights were required but not given. See *City of Livonia v Jasik,* 393 Mich 439, 442-443; 224 NW2d 838 (1975). See also MCR 6.201(D)(5); *People v Jelneck,* 148 Mich App 456, 461-462; 384 NW2d 801 (1986), lv den 425 Mich 876 (1986); *People v Cain,* 148 Mich App 765, 769-771; 385 NW2d 632 (1985); *People v Crawford,* 417 Mich 607, 615; 339 NW2d 630 (1983) (BRICKLEY, J., concurring). Because the right to counsel coupled with the voluntary act of pleading guilty or nolo contendere provides sufficient protection for misdemeanor defendants, *Tomlinson, supra* at 659, the prior misdemeanor pleas in this case are not subject to collateral attack.

Further, a guilty plea is constitutionally valid if, as in this case, from the totality of the record it appears to have been intelligently and voluntarily made. See, e.g., *Carver v Wharton,* 532 F Supp 512 (SD Ga, 1982); *United States v Frontero,* 452 F2d 406 (CA 5, 1971). Article I, section 17 of the Michigan Constitution creates no greater right

---

[1] In *Jaworski, supra,* the Michigan Supreme Court held that in order to meet constitutional requirements for acceptance of a defendant's guilty plea, the defendant must waive his rights to a jury trial, confrontation of witnesses, and against self-incrimination, and the record must show that the defendant was informed of each of and all of these rights. *Id.* at 28-29.

against self-incrimination than does the Fifth Amendment to the United States Constitution. *Paramount Pictures Corp v Miskinis,* 418 Mich 708, 726, 728; 344 NW2d 788 (1984). Hence there is no basis for reading into the Michigan Constitution a right permitting collateral attack on prior plea-based convictions which, as here, were never appealed.

Plaintiff was represented by counsel at the time he entered his two prior OUIL guilty pleas. Having had the benefit of counsel, it would be unfair to permit such a defendant to raise for the first time several years after the fact a challenge to his plea-based convictions. Such permission would in effect grant to a defendant a license to lie in the weeds, voluntarily enter a guilty plea, accept the consequences thereof, and then (when once again convicted of driving while intoxicated) attempt to avoid the effect of his prior conviction through a legal artifice.

Affirmed.