PEOPLE v YOST

Docket No. 84701. Decided August 21, 1989. On application by the people for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgment of the district court and remanded the case for further proceedings.

Lanny S. Yost was charged in the 52nd District Court, 2nd Division, with operating a vehicle while under the influence of intoxicating liquor, second offense. The court, Gerald E. McNally, J., granted the defendant's motion to amend the charge to reflect a first OUIL offense on the ground that the defendant had not received adequate advice prior to a previous plea of guilty to another OUIL charge and the conviction could not be employed to enhance the charge. The Oakland Circuit Court, David F. Breck, J., denied the prosecutor leave to appeal. The Court of Appeals, BEASLEY, P.J., and MICHAEL J. KELLY and CYNAR, JJ., also denied leave to appeal (Docket No. 110123). The people seek leave to appeal.

In an opinion per curiam, signed by Chief Justice RILEY, and Justices LEVIN, BRICKLEY, CAVANAGH, ARCHER, and GRIFFIN, the Supreme Court held:

The defendant's earlier plea of guilty to the OUIL charge was preceded by adequate advice.

Prior to February 1, 1988, where a defendant pled guilty of a simple misdemeanor, a district court was not required to give explicit advice concerning the right of confrontation and the privilege against self-incrimination. The defendant's plea in 1986 was properly taken under the court rules in effect.

Justice BOYLE, concurring, stated that inasmuch as the prosecutor did not argue the propriety of a collateral attack on guilty pleas, joining the majority should not be understood as subscribing to the view that guilty pleas should be subject to collateral attack.

Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*Stephen M. Ryan,* for the defendant.

PER CURIAM. This defendant has been charged with being a second offender under the statute that proscribes operating a vehicle under the influence of intoxicating liquor. His earlier conviction was entered after he pled guilty. In the present case, the district court held that the defendant did not receive the necessary advice prior to the earlier plea of guilty. For that reason, the district court has determined that the earlier plea-based conviction cannot be employed to enhance the charge in the present case. We find that the defendant's earlier plea was preceded by adequate advice, and we therefore reverse the judgment of the district court and reinstate this prosecution.

I

In May 1986, the defendant pled guilty and was sentenced for operating a vehicle while under the influence of intoxicating liquor (OUIL).[1] The defendant was represented by counsel during these proceedings. Before accepting the defendant's plea, the trial court, acting in conformance with the applicable court rule,[2] advised the defendant that acceptance of the plea would mean that he would "not have a trial of any kind, jury or non jury" and that he would "therefore waive all those Constitutional Rights that would be [his] at a trial."

In June 1987, the defendant was again arrested

---

[1] MCL 257.625(1); MSA 9.2325(1).

[2] Before accepting a plea of guilty or nolo contendere, the court shall . . . advise the defendant that if the plea is accepted, he or she will not have a trial of any kind, so he or she gives up the rights one would have at a trial. [MCR 6.201(D)(5)(a). 419A Mich 406 (1984).]

and charged with OUIL. This time, he was charged as a second offender.[3]

The defendant moved to strike the second-offender charge, arguing that his 1986 plea had not been preceded by adequate advice. Specifically, he argued that he had not been told about two of his three so-called *Boykin/Jaworski*[4] rights—the right to confront one's accusers and the privilege against self-incrimination.[5]

The defendant's arguments were accepted by the district court, which ordered that the charge against the defendant be amended to reflect that this would be a first OUIL offense.

The circuit court denied the prosecutor's application for leave to appeal in an order that cited two decisions of the Court of Appeals[6] and characterized the district court's ruling as being "not clearly erroneous."

The prosecutor's application to the Court of Appeals for leave to appeal was denied "for failure to persuade the Court of the need for immediate appellate review."

The prosecutor has now applied to this Court for leave to appeal.

II

In *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), Boykin pled guilty of five counts of common-law robbery, an offense punishable in Alabama by death. In pleading guilty, Boykin did not address the court; nor did the judge

---

[3] MCL 257.625(5); MSA 9.2325(5).

[4] *Boykin v Alabama,* 395 US 238, 243; 89 S Ct 1709; 23 L Ed 2d 274 (1969); *People v Jaworski,* 387 Mich 21, 26; 194 NW2d 868 (1972).

[5] The third *Boykin/Jaworski* right is the right to trial by jury.

[6] *People v Tallieu,* 132 Mich App 402; 347 NW2d 469 (1984); *People v McKinnon,* 139 Mich App 362; 362 NW2d 809 (1984).

ask Boykin any questions concerning his plea. Although he had no prior record, the defendant was sentenced to death on each of the five counts. The United States Supreme Court set the convictions aside, finding that the record did not disclose that the defendant had voluntarily and understandingly entered his pleas of guilty:

> Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy v Hogan,* 378 US 1 [84 S Ct 1489; 12 L Ed 2d 653 (1964)]. Second, is the right to trial by jury. *Duncan v Louisiana,* 391 US 145 [88 S Ct 1444; 20 L Ed 2d 491 (1968)]. Third, is the right to confront one's accusers. *Pointer v Texas,* 380 US 400 [85 S Ct 1065; 13 L Ed 2d 923 (1965)]. We cannot presume a waiver of these three important federal rights from a silent record. [*Boykin,* 395 US 243.]

In *People v Jaworski,* 387 Mich 21, 30; 194 NW2d 868 (1972), the defendant was charged with breaking and entering. He later pled guilty of attempted breaking and entering. Prior to accepting his guilty plea, the trial court advised him of his right to trial by jury and his right to confront his accusers, but not his right against self-incrimination. The Court vacated Jaworski's conviction, holding that "the record must show that the defendant has been informed of each and all of the three constitutional rights he waives on pleading guilty."

Effective June 1, 1973, the Court then adopted a court rule requiring judges of the circuit court and the Recorder's Court of the City of Detroit to provide advice concerning the *Boykin/Jaworski* rights to persons pleading guilty or *nolo conten-*

dere. GCR 1963, 785.7(1)(d), 389 Mich liii, lvi (1973). Those requirements have remained in the court rule ever since.[7]

Several months after the 1973 adoption of the court rule concerning *Boykin/Jaworski* advice, the Court clarified that the requirement of such advice was "a question of policy for this Court to decide, and not one of Federal constitutional law." This was in accord with the prevailing view in other jurisdictions. *People v Kuchulan,* 390 Mich 701, 704; 213 NW2d 95 (1973).

The importance of giving such advice to persons pleading guilty in the circuit court or the Recorder's Court was again emphasized in the *Guilty Plea Cases,* 395 Mich 96, 120-121; 235 NW2d 132 (1975). See also *People v Crawford,* 417 Mich 607; 339 NW2d 630 (1983).

III

The issue soon arose whether such advice was required in district court. In *People v Tomlinson,* 50 Mich App 655, 659; 213 NW2d 803 (1973), lv den 391 Mich 824 (1974), the Court of Appeals held that advice concerning the *Boykin/Jaworski* rights need not be given where the defendant pleads guilty of a "simple misdemeanor."[8]

In *City of Livonia v Jasik,* 393 Mich 439; 224 NW2d 838 (1975), the Court was asked to decide

[7] See, most recently, GCR 1963, 785.7(1)(c), 419 Mich cxix (1984) and MCR 6.302(B)(3), effective October 1, 1989.

[8] In *Tomlinson,* the defendant pled nolo contendere to malicious destruction of property under $100, an offense punishable by imprisonment in the county jail for not more than ninety days. MCL 750.377a, 750.504; MSA 28.609(1), 28.772. After his plea, the defendant was sentenced to a ten-day jail term (with an additional thirty days in jail if he did not pay $54 in costs). In determining that *Boykin/Jaworski* advice was unnecessary, the Court of Appeals noted GCR 1963, 785.10, which provided, inter alia, that the requirement of *Boykin/Jaworski* advice "shall not apply to offenses punishable by imprisonment for a term of less than 6 months."

whether *Boykin/Jaworski* advice was a necessary component in the plea-taking procedure in a misdemeanor case. The Court found it unnecessary to resolve the question, although we observed that a clarified court rule was then under consideration.

Such a rule was promulgated the following year. DCR 785.4(d)(1), 397 Mich lxxxvi, lxxxviii (1976), requiring only that a defendant pleading guilty or nolo contendere in district court be advised "that if his plea is accepted, he will not have a trial of any kind, so he gives up the rights he would have at a trial." That subparagraph remained in effect until early 1988.[9]

Effective February 1, 1988, the rule governing criminal practice in district court was amended to require that *Boykin/Jaworski* advice be given. MCR 6.201(E)(3)(b)(i)-(iii).[10]

In the meantime, the Court of Appeals has continued to decide cases in which an issue is whether a plea of guilty in district court is valid in the absence of *Boykin/Jaworski* advice.

One of the cases relied upon by the circuit court was *People v McKinnon,* 139 Mich App 362; 362 NW2d 809 (1984).[11] In *McKinnon,* the defendant was originally charged with felonious driving,[12] but

---

[9] See, most recently, DCR 785.4(e)(1), 419 Mich cxxiii (1984) and MCR 6.201(D)(5)(a), 419A Mich 406 (1984).

[10] Advice concerning the right to a trial by jury has been required since the 1976 amendment of DCR 785. DCR 785.4(a)(4)(C) (later DCR 785.4[a][3][C]); MCR 6.201(D)(1)(c)(iii).

[11] The other case relied on by the circuit court was *People v Tallieu,* 132 Mich App 402; 347 NW2d 469 (1984). The Court of Appeals there held that an invalid prior misdemeanor conviction could not be used to support a conviction of ouil, third offense. But the problem with the prior conviction in *Tallieu* was that the defendant's rights had been provided on a written form rather than in an oral conversation with the judge who accepted the plea. The flaw did not lie with *Boykin/Jaworski.*

[12] MCL 752.191; MSA 28.661.

pled guilty in district court of reckless driving.[13] In accepting the defendant's guilty plea, the district court did not advise the defendant of his right not to testify. On appeal, the circuit court granted partial relief. On further appeal, the Court of Appeals held that the plea should have been set aside for failure to comply with *Boykin* and *Jaworski.*

The split between *Tomlinson* and *McKinnon* has remained. The Court of Appeals has several times said that *Boykin/Jaworski* advice need not be given when a person pleads guilty of a misdemeanor. *People v Jelneck,* 148 Mich App 456, 461-462; 384 NW2d 801 (1986), lv den 425 Mich 876 (1986), *People v Cain,* 148 Mich App 765, 766; 385 NW2d 672 (1985),[14] and *People v Nydam,* 165 Mich App 476, 478; 419 NW2d 417 (1987), lv den 430 Mich 861 (1988).

Agreeing with the approach followed in *McKinnon,* the Court of Appeals stated in *Matheson v Secretary of State,* 170 Mich App 216, 220-221; 428 NW2d 31 (1988), lv den 432 Mich 878 (1989), that a failure to give *Boykin/Jaworski* advice when taking an OUIL plea in 1981 rendered the conviction infirm.[15]

IV

As we explained in *Kuchulan,* and as we have demonstrated through the development of the court rules, there is no federal constitutional re-

---

[13] MCL 257.626; MSA 9.2326.

[14] *Cain* also involved the issue whether advice could be given on an oral form. The Court of Appeals certified a conflict with *Tallieu,* but this Court denied leave to appeal and declined to consider the certified conflict. 424 Mich 894 (1986).

[15] *Matheson* inaccurately attributes a similar holding to *People v Haker,* 158 Mich App 570, 574; 405 NW2d 204 (1987). The problem in *Haker* was lack of counsel, not inadequate advice.

quirement that *Boykin/Jaworski* advice be given when misdemeanants plead guilty. It is a matter of policy for this Court. Until 1988, district judges were not required to give explicit advice concerning the right of confrontation and the privilege against self-incrimination. This defendant's 1986 plea was properly taken under the court rule in effect at that time, and we can see no constitutional or legal reason why the 1986 plea should be found infirm.

For these reasons, and in lieu of granting leave to appeal, we reverse the judgment of the district court, and we reinstate the charge of operating a vehicle while under the influence of intoxicating liquor—second offense.[16] We remand this case to the district court for further proceedings in accordance with this opinion. MCR 7.302(F)(1).

RILEY, C.J., and LEVIN, BRICKLEY, CAVANAGH, ARCHER, and GRIFFIN, JJ., concurred.

BOYLE, J. (*concurring*). Inasmuch as the prosecutor has not argued the propriety of such a proceeding, in joining in this opinion I do not wish to be understood as subscribing to the view that guilty pleas should be subject to collateral attack.

---

[16] Insofar as they are inconsistent with this opinion, we disapprove *McKinnon* and *Matheson*.