PEOPLE v INGRAM

Docket No. 124840. Submitted September 13, 1990, at Grand Rapids.
    Decided December 17, 1990, at 9:25 A.M. Leave to appeal
    granted, 437 Mich __.

    Marion Ingram pled guilty in the Kent Circuit Court, Dennis C.
    Kolenda, J., of operating a vehicle while under the influence of
    intoxicating liquor, third offense, and was sentenced to 1½ to 5
    years' imprisonment. The defendant's plea was conditioned
    upon his right to challenge on appeal the validity of a 1982
    district court plea-based conviction of OUIL which he contends
    was infirm because the procedure set out in the court rule in
    effect at that time for taking guilty pleas was not followed. The
    circuit court delayed sentencing so that the defendant could
    appeal its ruling that the 1982 district court plea was valid and
    could not be collaterally attacked on the grounds that the
    applicable plea-taking requirements were not followed. The
    defendant, instead of appealing to the Court of Appeals, ob-
    tained an order from the district court setting aside the 1982
    conviction and reinstating that case for trial. The defendant
    then moved in the circuit court to withdraw his plea of guilty
    of OUIL, third offense. The circuit court refused to recognize the
    validity of the district court's order, labeling it a legal nullity
    and finding it to be in violation of the law-of-the-case doctrine.
    The defendant appealed.

    The Court of Appeals *held:*

    The circuit court erred by using the 1982 plea to establish a
    conviction of OUIL, third offense. The failure to comply with the
    applicable court rule governing acceptance of pleas in the
    district court, coupled with the failure to advise the defendant
    of his right to trial rendered his plea infirm, precluding its use
    for enhancement purposes, and requiring vacation of his convic-
    tion and sentence for OUIL, third offense, and remand for entry
    of a conviction of OUIL, second offense, and for resentencing.

    Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *William A. Forsyth,*
Prosecuting Attorney, *Timothy K. McMorrow,*

Chief Appellate Attorney, and *Nadine Renee Dahm,* Assistant Prosecuting Attorney, for the people.

*E. Craig Smith,* for the defendant on appeal.

Before: Neff, P.J., and Maher and Hood, JJ.

Maher, J. Defendant pled guilty in the Kent Circuit Court of operating a vehicle while under the influence of intoxicating liquor, third offense, MCL 257.625(6); MSA 9.2325(6), and was ultimately sentenced to a term of 1½ to 5 years' imprisonment. In this appeal as of right, defendant asserts that a 1982 district court plea-based conviction of ouil was infirm and, therefore, improperly used to support his current conviction of ouil (third offense). We reverse.

The felony complaint charging defendant with ouil (third offense) indicated that defendant had four prior ouil convictions. In March 1988, defendant moved to reduce the charge to ouil (second offense), contending that three of the four prior ouil convictions were infirm and could not be used for enhancement purposes (defendant conceded the validity of a 1983 Ottawa Circuit Court conviction). Circuit Court Judge George S. Buth, the judge to whom the case was originally assigned, agreed that two of the prior convictions were infirm (having been obtained without counsel), but ruled that a 1982 61st District Court conviction was not infirm, in that it was obtained in counsel's presence. Thus, because two valid ouil convictions remained, defendant's motion to reduce the charge to ouil (second offense) was denied. Defendant subsequently moved for rehearing, claiming that the 1982 district court conviction was also infirm because it was not taken in conformity with the

applicable court rule, DCR, 785.4(d).[1] The motion was denied. Defendant then sought leave to appeal in this Court. However, his application was also denied.

On March 1, 1989, the case was reassigned to circuit court judge Dennis C. Kolenda, who accepted defendant's plea of guilty of OUIL (third offense), conditioned upon his right to challenge on appeal the use of the 1982 district court conviction. Before defendant was sentenced, however, it was brought to the trial court's attention that defendant's employer, the Department of Corrections, had a policy requiring the automatic termination of an employee convicted of a felony.[2] In response to this situation, the circuit court agreed to delay sentencing and invited defendant to bring another motion addressing the availability for enhancement purposes of the 1982 district court conviction. Thereafter, pursuant to an opinion dated June 6, 1989, Judge Kolenda, relying on *People v Nydam,* 165 Mich App 476; 419 NW2d 417 (1987), concluded that, because defendant was represented by counsel and because there was nothing to indicate that his 1982 plea was other than intelligent or voluntary, the plea could not be collaterally attacked on the ground that the applicable plea-taking requirements were not adhered

---

[1] That court rule provided:

Prior to accepting a plea of guilty or nolo contendere, the court shall

(1) advise the defendant that if his plea is accepted, he will not have a trial of any kind, so he gives up the rights he would have at a trial;

(2) determine that the plea is voluntary; and

(3) establish support for a finding that defendant is guilty of the offense charged or the offense to which the defendant is pleading.

The court may not accept the plea unless it is convinced that the plea is understanding, voluntary, and accurate.

[2] Apparently, the Department of Corrections deems an employee convicted when sentenced.

to. However, agreeing that the law was not entirely settled in this area, Judge Kolenda agreed to delay sentencing, as authorized by MCL 771.1; MSA 28.1131, so as to allow defendant another opportunity to pursue an appeal in this Court.

Rather than appealing, however, defendant went directly to the 61st District Court, where he successfully obtained an order setting aside his 1982 judgment of conviction and reinstating that case for trial. Due to this turn of events, defendant then filed a motion in the circuit court to withdraw his plea of guilty of OUIL (third offense). The circuit court, however, refused to recognize the validity of the district court's order, labeling it a "legal nullity" and finding it to be in violation of the law-of-the-case doctrine.

Defendant, whose sentencing status remained delayed, then filed another application for leave to appeal in this Court. However, while the application was pending, defendant was found to have violated a term of his delayed sentencing status, and he was subsequently sentenced to a term of 1½ to 5 years' imprisonment. Defendant's application for leave to appeal was then dismissed without prejudice, and he now appeals as of right.

Defendant raises two issues on appeal: (1) whether the circuit court erred in failing to find that his 1982 district court plea was infirm and could not be used for enhancement purposes, and (2) whether the circuit court erroneously ruled that the district court order setting aside defendant's 1982 OUIL plea was a "legal nullity," thus precluding him from withdrawing his plea of guilty of OUIL (third offense).

I

With respect to the first issue, defendant claims

his 1982 plea was infirm because the plea-taking requirements prescribed by the applicable court rule, DCR 785.4(d), were not adhered to and because he was not advised of his *Boykin/Jaworski* rights.[3] Before addressing the merits of this issue, however, we need to address a threshold matter concerning the status of defendant's 1982 plea. The prosecution states in its brief on appeal that it cannot determine whether the district court complied with the applicable court rule. Apparently, a transcript of the 1982 plea proceedings was never prepared, and one cannot presently be obtained because of the poor audio quality of the master recording of the proceeding. Suffice to say, however, that we have reviewed the record below and are satisfied that defendant sufficiently demonstrated that his 1982 district court plea was neither taken in conformity with the applicable court rule nor contained *Boykin/Jaworski* advice.[4]

Thus, having accepted the fact that defendant's 1982 plea was not properly taken, we proceed to the merits of defendant's claim concerning whether the failure to comply with the applicable court rule and, in particular, the failure to give *Boykin/Jaworski* advice rendered the plea infirm for enhancement purposes.

At the time of defendant's 1982 plea-based con-

[3] *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969); *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972). The three *Boykin/Jaworski* rights are: (1) the right to trial by jury, (2) the right to confront one's accusers, and (3) the privilege against self-incrimination. *Id.,* p 26.

[4] Defendant represented below that the length of the district court plea proceeding was less than one minute and, from what could be heard, no advice of rights was given. A letter from the district court court reporter corroborated this claim. In addition, a copy of the actual recording of the 1982 plea proceeding was obtained by defendant and made available to the circuit court. Indeed, it appears from the record that the circuit court conceded the fact of noncompliance, but nonetheless concluded that defendant's representation by counsel rendered this fact irrelevant.

viction, DCR 785.4(d)(1) required only that a defendant pleading guilty in district court be advised "that if his plea is accepted, he will not have a trial of any kind, so he gives up the rights he would have at a trial." It was not until the rule was amended, effective February 1, 1988, that *Boykin/Jaworski* advice concerning the right of confrontation and privilege against self-incrimination was required to be given in district court. See MCR 6.610(E)(3)(b)(i)-(iii), formerly MCR 6.201(D)(5). Nevertheless, before the 1988 amendment, panels of this Court had reached different conclusions concerning the necessity of giving *Boykin/Jaworski* advice in district court and whether the failure to give such advice rendered the conviction infirm, so as to preclude its use for enhancement purposes.[5]

In *People v Yost,* 433 Mich 133, 140; 445 NW2d 95 (1989), however, the split in this Court was addressed by our Supreme Court in a case in which a lower court had held that a 1986 district court plea-based OUIL conviction was infirm for failure to give *Boykin/Jaworski* advice even though the defendant was represented by counsel and his plea was otherwise taken in conformity with the applicable court rule. In holding that the prior OUIL conviction was not infirm, the Supreme Court stated:

Until 1988, district judges were not required to

---

[5] Compare *People v Nydam,* 165 Mich App 476, 478; 419 NW2d 417 (1987), and *People v Tomlinson,* 50 Mich App 655, 659; 213 NW2d 803 (1973) (concluding that the *Boykin/Jaworski* safeguards applied only to felonies and not to misdemeanors, and, therefore, that a prior misdemeanor plea was not subject to collateral attack on the grounds that *Boykin/Jaworski* advice was not given), with *Matheson v Secretary of State,* 170 Mich App 216; 428 NW2d 31 (1988), and *People v McKinnon,* 139 Mich App 362; 362 NW2d 809 (1984) (concluding that a misdemeanor conviction is rendered infirm for failure to comply with *Boykin/Jaworski*).

give explicit advice concerning the right of con-
frontation and the privilege against self-incrimina-
tion. *This defendant's 1986 plea was properly
taken under the court rule in effect at that time,*
and we can see no constitutional or legal reason
why the 1986 plea should be found infirm. [Empha-
sis added.] [*Id.,* p 140.]

Our reading of *Yost* reveals two important foun-
dations upon which the conclusion that the prior
district court plea was not infirm rests. First, the
fact that, at the time the plea was accepted, *Boy-
kin/Jaworski* advice concerning the right of con-
frontation and privilege against self-incrimination
was not required in district court. Second, the
recognition that the defendant's plea was properly
taken under the court rule in effect at the time.
By individually stressing each of these aspects, we
believe that implicit in the Court's decision is that
a different conclusion would have been warranted
had either of these situations been different.

In the instant case, defendant's plea was not
properly taken under the court rule in effect at
the time. Further, although *Yost* makes clear that
the validity of defendant's 1982 plea is not affected
by the failure to give advice concerning the right
of confrontation and privilege against self-incrimi-
nation, we find that *Boykin/Jaworski* is neverthe-
less implicated inasmuch as advice concerning the
defendant's right to trial, although required by the
applicable court rule, was not provided. Thus, we
believe that *Yost* warrants the conclusion that the
failure to substantially comply with the applicable
court rule governing the acceptance of pleas in
district court, coupled in particular with the fail-
ure to advise defendant of his right to trial, ren-
dered defendant's plea infirm, thereby precluding
its use for enhancement purposes.

We conclude, therefore, that the circuit court

erred in using defendant's 1982 district court plea to establish a conviction of OUIL (third offense). Accordingly, defendant's conviction and sentence of OUIL (third offense) is vacated, and we remand for entry of a conviction of OUIL (second offense) and for resentencing.

II

Defendant's second issue on appeal concerns the circuit court's refusal to recognize the district court's authority to set aside his 1982 plea-based conviction. Although we find that our resolution of the prior issue renders consideration of this issue unnecessary, we nevertheless believe that certain points merit discussion.

The circuit court characterized the district court's actions as an attempt to overrule the circuit court's prior rulings. In its September 20, 1989, opinion, the circuit court stated:

> Having thrice failed in this Court to avoid use of two prior convictions for enhancement purposes, defendant could not return to the District Court for that relief. He has to abide by this Court's decisions unless and until they are overturned by a higher court. See *Burkheiser v Detroit,* 270 Mich 381, 383 [259 NW 125] (1935). The District Court cannot overrule this Court. See MCR 2.613(B), and *People v Radowick,* 63 Mich App 734 [235 NW2d 28] (1975).

In citing *Burkheiser* and *Radowick,* the circuit court reasoned that the district court was bound to follow the circuit court's rulings under the law-of-the-case doctrine. This doctrine is explained in *Radowick, supra,* p 739, as follows:

> It is fundamental law that the last utterance of

> an appellate court determines the law of the case, and upon remand for another trial subsequent to the appeal, the trial court is bound to follow the law as stated by an appellate court. If a litigant has any objection to the law as stated by the appellate court, his redress is an application for rehearing to the deciding court or an appeal to a still higher tribunal. [Citing *People v Whisenant*, 384 Mich 693, 702; 187 NW2d 229 (1971).]

We agree with defendant that the circuit court's reliance on *Burkheiser* and *Radowick*, as well as its characterization of the district court's ruling was misplaced.

In this case, the circuit court was not faced with a direct appeal of the 1982 district court conviction, but only with the question whether that conviction could be used for enhancement purposes in a subsequent proceeding. Likewise, the district court's order setting aside the 1982 plea-based conviction did not relate to the case then before the circuit court, nor did it address the availability of the 1982 conviction for enhancement purposes in a subsequent proceeding. Rather, it overturned the 1982 conviction itself. Because the proceedings in the circuit court and district court concerned not only different actions, but different issues as well, the law-of-the-case doctrine was not implicated.

The question nevertheless remains regarding whether the district court could otherwise properly set aside defendant's 1982 plea so as to preclude the availability of a prior conviction to enhance a subsequent offense. We are unable, however, to determine from the record before us the precise grounds and circumstances under which the district court purported to set aside defendant's 1982 plea-based conviction or pursuant to what authority it acted. Furthermore, while the

people raise public policy arguments regarding why the district court should not be permitted to set aside defendant's 1982 plea, the fact remains that that case is not before us.

While we would agree that an interesting issue is presented by the instant situation, we decline further review for the reason that, as previously noted, our resolution of the first issue renders further consideration unnecessary.

Reversed and remanded in accordance with this opinion.